J-A11017-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TYRECE LIGON | |
| Appellant | No. 3229 EDA 2014 |

Appeal from the Judgment of Sentence July 18, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001138-2012

BEFORE:  SHOGAN, J., MUNDY, J., and FITZGERALD, J.[*]

MEMORANDUM BY MUNDY, J.:                          **FILED JULY 12, 2016**

Appellant, Tyrece Ligon, appeals from the July 18, 2014 aggregate judgment of sentence of 15 to 30 years' imprisonment, to be followed by 10 years' probation, after his conviction by a jury of one count each of aggravated assault, possession of an instrument of a crime, carrying a firearm without a license, carrying a firearm in public in Philadelphia, and criminal conspiracy, as well as his conviction following a bench trial for one count of persons not to possess a firearm.[1]  After careful review, we affirm.

The trial court has fully and accurately recounted the facts of this case in its opinion filed pursuant to Pennsylvania Rule of Appellate Procedure

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2702(a), 907(a), 6106(a), 6108, 903(c), and 6105(a)(1).

1925(a), and we need not repeat them here. *See* Trial Court Opinion, 7/16/15, at 2-9. Relevant to this appeal, Appellant was arrested for shooting Howard Filmore twice in the back. *Id.* at 2. Filmore was involved in a confrontation with Linda Burrell, Appellant's girlfriend's mother. *Id.* Ms. Burrell sought the help of her two daughters, Latrice Burrell and Shamira Stanfield in confronting Filmore. *Id.* Appellant drove the daughters to the scene, and the altercation escalated to Appellant shooting Filmore as he fled from Ms. Stanfield who had struck Filmore with an aluminum baseball bat. *Id.* at 3. Appellant was arrested following the incident.

On April 8, 2014, a jury trial, followed by a bench trial, was held. At the conclusion of said trials, Appellant was convicted of the aforementioned crimes. On July 18, 2014, the trial court sentenced Appellant to 15 to 30 years' imprisonment followed by 10 years' probation. No post-sentence motions were filed. On August 7, 2014, Appellant filed a timely notice of appeal.[2]

On appeal, Appellant raises the following issues for our review.

> 1. Whether the [t]rial [c]ourt erred as a matter of law by not declaring a mistrial following the assistant district attorney's inflammatory statements during closing arguments to the jury regarding uncharged misconduct and the conduct of others in the courtroom who did not testify at trial[?]

---

[2] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

2. Whether the trial court erred as a matter of law by not giving a curative instruction to the jury because the assistant district attorney argued facts not in evidence with regards to witness intimidation, alleged uncharged misconduct, and the conduct of others in the courtroom who did not testify at trial[?]

3. Whether the trial court erred as a matter of law in not granting a motion for judgment of acquittal because there was insufficient evidence to find [Appellant] guilty beyond a reasonable doubt due to the alleged victim's grossly inconsistent statements and recollection of what actually occurred on the date in question[?]

Appellant's Brief at 7.

In his first two issues, Appellant asserts a mistrial should have been declared following "improper and prejudicial remarks in [the Commonwealth's] closing argument to the jury." *Id.* at 13. Alternatively, Appellant asserts the trial court erred when it failed to give a curative instruction to the jury regarding the prejudicial comments. *Id.* at 18. However, both the Commonwealth and the trial court assert that Appellant waived both of these issues by failing to object, failing to request a curative instruction, and failing to request a mistrial below. Commonwealth's Brief at 7-9; Trial Court Opinion, 7/16/15, at 11.

It is axiomatic that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Our Supreme Court has repeatedly emphasized the importance of issue preservation.

- 3 -

Issue preservation is foundational to proper appellate review. Our rules of appellate procedure mandate that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). By requiring that an issue be considered waived if raised for the first time on appeal, our courts ensure that the trial court that initially hears a dispute has had an opportunity to consider the issue. This jurisprudential mandate is also grounded upon the principle that a trial court, like an administrative agency, must be given the opportunity to correct its errors as early as possible. Related thereto, we have explained in detail the importance of this preservation requirement as it advances the orderly and efficient use of our judicial resources. Finally, concepts of fairness and expense to the parties are implicated as well.

*In re F.C. III*, 2 A.3d 1201, 1211-1212 (Pa. 2010) (some internal citations omitted); *accord Commonwealth v. Miller*, 80 A.3d 806, 811 (Pa. Super. 2013).

Instantly, a review of the trial transcript confirms the observations of the trial court and the Commonwealth that Appellant failed to object to the Commonwealth's closing statement. Further, Appellant did not request a curative instruction or make a motion for a mistrial on the record. In fact, after the trial court finished charging the jury the following occurred.

The Court: We are in the anteroom outside the hearing of the jury. I have [Defense Counsel] here. I have [the Assistant District Attorney] here. And my purpose is to ascertain if either of you have any objections to or requests for additional instructions or questions for clarification, anything at all that you wish to bring to my attention before the jury goes out to deliberate. [Defense Counsel]?

[Defense Counsel]: None, Your Honor.

- 4 -

> The Court: Ma'am?
>
> [Assistant District Attorney]: None, Your Honor.
>
> The Court: All right. So then we'll send the jury out, and we'll await their verdict.

N.T., 4/10/14, at 147. Further, Appellant did not file a post-sentence motion. Therefore, we deem Appellant's first two issues waived on appeal for want of preservation. **See F.C.**, **supra**.

In his third issue, Appellant argues the trial court erred in denying his motion for judgment of acquittal. Appellant's Brief at 22. Specifically, in his Rule 1925(b) statement, Appellant argued "there was insufficient evidence to find [Appellant] guilty beyond a reasonable doubt given the victim's grossly inconsistent statements." Appellant's Rule 1925(b) Statement, 1/6/15, at 2. However, in his brief, Appellant does not develop a sufficiency argument, rather, he again argues the Commonwealth's closing statements wrongly influenced the jury's verdict. Specifically, Appellant argues "[w]hile it is within the power of the jury to resolve conflicts within testimony, the prosecutor's closing arguments provided them with a prejudicial source to do so." Appellant's Brief at 23. Arguing further that "[t]here was no other evidence presented to resolve the conflicting testimony other than the prosecutor's closing argument. … The jury wasn't even provided with a curative instruction to sanitize the prosecution's statements." **Id.** As noted above, Appellant has waived any argument challenging the Commonwealth's

closing statement by failing to object to the statement and failing to request a curative instruction. Accordingly, Appellant's third issue is also waived.

Based on the foregoing, we conclude all of Appellant's issues are waived. Accordingly, we affirm the trial court's July 18, 2014 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/12/2016